UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALLEN FRED ALTERGOTT, | ) | 3:15-cv-00159-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | February 19, 2016 |
| | ) | |
| DR. SENNA, D.D.M., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　　Before the court is Plaintiff's Request for Clerk to Effect Service to Defendants with Sealed Addresses. (ECF No. 15.)  Plaintiff's affidavit attached to his request notes that certain Nevada Department of Corrections (NDOC) Administrative Regulations make it a disciplinary violation to seek personal information of current or past Departmental staff. Plaintiff represents, even the exercise of due diligence in attempting to obtain such addresses would be futile and would constitute a violation of NDOC Code of Penal Discipline. Thus, Plaintiff cannot gain access to the last known addresses of the two defendants for whom the Attorney General could not accept service (ECF No. 12) and for whom last known addresses were filed under seal (ECF No. 14).  As Plaintiff is unable to effect service, under Rule 4 of the Federal Rules of Civil Procedure, he requests the clerk to serve on his behalf the Notice of Lawsuit, Request for Waiver of Summons and a copy of Complaint he has submitted for each of the unserved defendants identified as Luce and Senna. (*Id*., at 2.)

　　　Because a physical address was lodged for Dr. Shannon Sena, rather than proceeding with the alternative service procedures of Rule 4, the court has this day entered an order concerning service of Plaintiff's complaint on Dr. Sena by the U.S. Marshal at the last known residence address provided under seal.  Therefore, Plaintiff's motion (ECF No. 15) as it pertains to Dr. Sena, is **denied as moot.**

　　　However, because the address which was provided as to Defendant Luce is a post office box, Plaintiff's motion (ECF No. 15) is **granted** as to Defendant Georgia Luce.

**MINUTES OF THE COURT**
3:15-cv-00159-RCJ-WGC
Date: February 19, 2016
Page 2

      The clerk of the court is directed to issue a Summons as to Defendant Georgia Luce and mail a copy of the Summons and this order along with the **original** documents submitted by Plaintiff which were filed as ECF No. 15-2, pp. 1-69 [which include Plaintiff's Waiver of Service of Summons, Notice of Lawsuit and Request for Waiver of Service of Summons, Duty to Avoid Unnecessary Costs of Service of Summons, Plaintiff's Civil Rights Complaint (ECF No. 5) and any self addressed, stamped envelope(s)] to Defendant Georgia Luce at the address provided under seal. (ECF No. 13). Although granting Plaintiff's request for assistance under Rule 4 as to Defendant Luce, the court clarifies that neither the Court nor the Clerk of the Court is responsible for ensuring the proper contents of the notice as described in Rule 4(d).

      Plaintiff's motion (ECF No. 15) is **granted in part** and **denied in part** as specified herein.

      IT IS SO ORDERED.

                                              LANCE S. WILSON, CLERK

                                    By: _____/s/_____
                                                Deputy Clerk